(52 Misc. Rep. 571)

### ARONS v. ZIEGFELD.

(Supreme Court, Appellate Term. February 11, 1907.)

BILLS AND NOTES—BONA FIDE PURCHASERS—EVIDENCE.

 Testimony of plaintiff, in an action on a 90-day note, that he got it of the payee 2 weeks after its date, paid therefor in installments, presented it at maturity for payment, and had no knowledge or information of any infirmity in the payee's title, which, being unimpeached, cannot be disregarded, together with the presumption arising from production of the note, makes out a case, which is not overcome by testimony of the defendant maker that the note was stolen from him.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1832–1839.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Louis J. Arons against Florence Ziegfeld, Jr. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

House, Grossman & Vorhaus, for appellant.

Samuel D. Lasky, for respondent.

MacLEAN, J. Besides the presumption accompanying the production upon the trial of a note for $500 at 90 days, the plaintiff testified that he got the note from the payee about two weeks after its date, paid therefor in installments $490, presented it at maturity for payment, which was refused, and that he had no knowledge or information calling into question the payee's title. This was unimpeached, and might not be disregarded. Nor could it be offset by the testimony of the defendant, which, if credited, would evidence a theft of the note from the defendant maker; for the taker of a negotiable instrument, complete and regular upon its face, before it be overdue, in good faith and for value, and having no notice of any infirmity in the instrument or defect in the title of the person negotiating it, has good title in the person

from whom he takes it, even though that person may have acquired it by fraud, theft, or robbery. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.